IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$11,022.00 IN U.S. CURRENCY, )<br>$8,335.00 IN U.S. CURRENCY, )<br>)<br>Defendants. ) | Civil No. 3:19-cv-00014<br><br>VERIFIED COMPLAINT FOR<br>FORFEITURE *IN REM* |

Plaintiff, United States of America hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I.   NATURE OF THE ACTION

1. This is an action to forfeit and condemn specific property to the use and benefit of the United States of America ("Plaintiff") for involvement, as set forth below, in violations of 21 U.S.C. § 846 (attempt and conspiracy) and § 841(a)(1)(prohibited acts).

2. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money or a thing of value furnished or intended to be furnished by a person in exchange for a controlled substance, in violation of subchapter I – Control and Enforcement, of Chapter 13 – Drug Abuse Prevention and Control, and Title 21 – Food and Drugs, of the United States Code, and proceeds traceable to such an exchange, and

money used or intended to be used to facilitate any violation of said subchapter.

## II. DEFENDANT *IN REM*

3. The Defendant Property is generally described as $11,022.00 and $8,335.00 in United States currency seized in the execution of a search warrant at the address of Breon Anthony Humphrey-Wellington and Davionna S. Holland, at 2623 Main Street, Davenport, Iowa, and from a lawful vehicle stop made by law enforcement officers in Rock Island, IL. The Defendant Property is in the custody of the U.S. Drug Enforcement Agency.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction and venue over the Defendant Property under 28 U.S.C. §§ 1355(b) and 1395(b) as acts or omissions giving rise to the forfeiture occurred in this district and because some of the Defendant Property was seized from and is located in this district.

## IV. FACTS

6. The "Controlled Substances Act" was enacted by Congress as Title II of the "Comprehensive Drug Abuse Prevention and Control Act of 1970," Pub.L. No. 91-513, 84 Stat. 1236 (1970) (codified at 21 U.S.C. §§ 801-904).

7. The term "controlled substance" is defined in 21 U.S.C. § 802(6) to mean a drug or other substance, or immediate precursor, included in any of the five schedules of such substances set forth in subchapter I of Title 21.

8. Schedule I substances have a high potential for abuse, and have no currently accepted medical use in treatment in the United States, and there is a lack of accepted safety for use of the drug under medical supervision. 21 U.S.C. § 812(b)(1)(A) - (C).

9. Schedule II substances have a high potential for abuse, and the drug or substance has a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions. Abuse of a Schedule II controlled substance may lead to severe psychological or physical dependence 21 U.S.C. § 812(B)(2)(A) – (C).

10. Schedule II substances include methamphetamine. 21 U.S.C. § 812(b), Schedule II.

11. Under the Controlled Substances Act, it is unlawful to distribute, dispense, or possess with intent to distribute a controlled substance unless authorized by law to do so. 21 U.S.C. § 841(a)(1).

12. Under the Controlled Substances Act, it is unlawful to conspire with others to violate its prohibitions. 21 U.S.C. § 846.

13. Marijuana is a Schedule I controlled substance.

14. It is believed that there is evidence, or will be after a reasonable opportunity for further investigation and discovery, showing the Defendant Property constitutes the proceeds of a prohibited controlled substance offense, or was used or intended to be used to facilitate a prohibited controlled substance offense.

15. On or about August 3, 2018, law enforcement officers lawfully executed a valid search warrant at 2623 Main Street, Davenport, IA, the residence of Breon Anthony Humphrey and Davionna S. Holland.

16. Humphrey-Wellington is believed to be a supplier of high grade marijuana throughout the "Quad Cities" area of Iowa and Illinois, including in the Southern District of Iowa.

17. During the search, law enforcement officers discovered approximately $2,275 in U.S. Currency in Holland's purse, which was located next to another purse containing marijuana.

18. Holland later acknowledged the purse in which $2,275 was stored was hers, and claimed portions of the money belonged to both her and Humphrey-Wellington.

19. In the bottom drawer of a dresser in a bedroom, law enforcement officers discovered $6,060 in U.S. Currency.

20. On the porch inside the South entrance, law enforcement officers discovered in the trash approximately 30 empty one-pound packages of marijuana, with marijuana residue inside many of them.

21. Law enforcement also seized digital scales from the residence.

22. On approximately August 3, 2018, law enforcement conducted surveillance on a black 2002 Chevrolet Tahoe registered to Humphrey-Wellington in Rock Island, Illinois.

23. Law enforcement detected the strong smell of burnt marijuana coming from the vehicle, and stopped it.

24. Law enforcement ask the driver for her license, and if she smoked marijuana (cannabis).

25. The driver of the vehicle, Gezelle Lisle, said the vehicle belonged to her son, and cannabis was the reason they were just at a lawyer's office.

26. Lisle had a suspended driver's license, and was taken into custody.

27. Among other things, she said she had Humphrey-Wellington's money inside the vehicle.

28. While Lisle was speaking with officers, Humphrey-Wellington arrived, and said he had money inside the vehicle.

29. The vehicle was towed, because Lisle was taken into custody and could not drive without a license.

30. Officers conducted a search of the vehicle, and discovered a black, SharpStone brand metal marijuana grinder behind the driver's seat, with marijuana residue, and, in Lisle's purse, a plastic trash bag with approximately $11,022.00 in U.S. Currency.

31. Marijuana grinders, and a large quantity of plastic baggies with marijuana residue, are tools of the marijuana dealing trade.

32. The money seized, or the Defendant Property, is believed to be money or a thing of value furnished or intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an

exchange, and/or money used or intended to be used to facilitate a federal controlled substance crime.

## CLAIM FOR RELIEF

WHEREFORE, the United States prays that the Defendant Property be forfeited to the United States and that it be awarded its costs and disbursements in this action and for such other and further relief as the Court deems property and just.

        Respectfully submitted,

        Marc Krickbaum
        United States Attorney

By: */Craig Peyton Gaumer*
     Craig Peyton Gaumer
     Assistant United States Attorney
     U. S. Courthouse Annex,
     Suite 286
     110 East Court Avenue
     Des Moines, Iowa 50309
     Tel: (515) 473-9300
     Fax: (515) 473-9292
     Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Special Agent Jay Bump, hereby verify and declare under penalty of perjury that I am a special agenct, and that I have read the foregoing Verified Complaint *in Rem, United States v. $11,022.00 in U.S. Currency and $8,335.00 in U.S. Currency* and know the contents thereof and the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds for my belief are the official files and records of the United States and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as special agent.

Dated: February 4, 2019.

_____
Jay Bump, Special Agent
Drug Enforcement Agency